UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ASHLEY CHAD CLAUSEN,<br><br>Defendant. | 5:21-CR-50049-KES-1<br><br>ORDER DENYING MOTION TO REDUCE SENTENCE |

Defendant, Ashley Clausen, filed a motion, under 18 U.S.C. § 3582(c)(2), requesting a reduction to his sentence pursuant to new retroactive Sentencing Guidelines provisions. Docket 54. For the following reasons, Clausen's motion for a sentence reduction is denied.

## DISCUSSION

The process for considering a Section 3582(c) motion is well established. As the Supreme Court has made clear, Section 3582(c) "does not authorize a . . . resentencing proceeding." *Dillon v. United States*, 560 U.S. 817, 825 (2010). Rather, it provides only for the possibility of "a limited adjustment to an otherwise final sentence" following a "two-step approach." *Id.* at 826, 827.

"At step one, § 3582(c)(2) requires the court to follow the Commission's instructions . . . to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." *Id.* at 827. As to whether the defendant is eligible for any reduction, "§ 1B1.10(b)(1) requires the court to begin by 'determin[ing] the amended guideline range that would have been applicable to the defendant' had the relevant amendment been in effect at

the time of the initial sentencing." *Id.* (quoting U.S.S.G. § 1B1.10(b)(1)). If the amendment would not have altered the defendant's sentencing range even if it had been applicable at the time of the defendant's sentencing, then the defendant is not eligible for a sentencing reduction. *See* U.S.S.G. § 1B1.10(a)(2)(B) ("A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . [the retroactive amendment] does not have the effect of lowering the defendant's applicable guideline range.").

On February 20, 2024, Clausen filed a "supplemental motion in response to the Federal Public Defender's response[.]" Docket 54 at 1. He states he is "eligible under the November 1, 2023 amendments to the US Sentencing Guidelines under the changes made to §5C1.2 (limitations on applicability of statutory minimum sentences)" "for a two point reduction to his calculated offense level, thus providing him with potential relief below his stated mandatory minimum sentence." *Id.*

Clausen argues that the application of § 5C1.2 to his circumstances would result in two-level decrease to his total offense level. Docket 54. Clausen's argument fails because the amendment to the U.S. Sentencing Guidelines that incorporates changes to § 5C1.2 is not retroactive and, therefore, is not a proper basis for a sentence reduction under § 3582(c). *See* United States Sentencing Commission, 2023 Amendments to the Sentencing Guidelines, Policy Statements, and Official Commentary, First Step Act—Drug Offenses 35 (April 27, 2023) (discussing the non-retroactive amendments to

§ 5C1.2 meant to incorporate the First Step Act's expanded safety valve eligibility); <u>United States of America v. Patrick Bryan Cleveland</u>, 2024 WL 1374067 (D. M.O. Apr. 2024). Clausen did not identify any other amendments to the U.S. Sentencing Guidelines that would support a sentence reduction.

## CONCLUSION

It is ORDERED that Clausen's motion (Docket 54) is DENIED.

Dated April 5, 2024.

BY THE COURT:

*/s/ Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE